FILED

2022 Jan-27  PM 01:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| LORI BELL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | |
| KOHL'S, INC. and Fictitious Defendants | ) | Case Removed from Circuit Court of |
| "A," "B," and "C," whether singular or | ) | Jefferson County, Alabama |
| plural, those other persons, corporations, | ) | Case No.: 01-CV-2021-903749.00 |
| firms or other entities whose wrongful | ) | |
| conduct caused or contributed to cause the | ) | |
| injuries and damages to Plaintiff, all of | ) | |
| whose true and correct names are unknown | ) | |
| to Plaintiff at this time, but will be added by | ) | |
| amendment when ascertained, | ) | |
| | ) | |
| Defendant. | ) | |

---

## NOTICE OF REMOVAL

---

COMES NOW Defendant Kohl's, Inc. and files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  Kohl's, Inc. petitions this Honorable Court for the removal of this action from the Circuit Court of Jefferson County, Alabama to the United States District Court for the Northern District of Alabama.  As grounds for this removal, Kohl's, Inc. states that removal is proper under 28 U.S.C. §§1332, 1441 and 1446, and shows unto this Honorable Court as follows:

### PROCEDURAL BACKGROUND

1.     Plaintiff Lori Bell initiated this civil action against Kohl's, Inc. on or about, December 22, 2021 in the Circuit Court of Jefferson County, Alabama, Civil Action No. 01-CV-2021-903749.  Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, as well as copies of all process and other papers on file in the record of the state court action that are within the possession,

1

custody and control of Kohl's, Inc. are attached to this Notice of Removal.  (Exhibit A: Circuit Court of Jefferson County, Alabama, 01-CV-2021-903749.)

2.      This Notice of Removal is filed in the United States District Court for the Northern District of Alabama, within the district and division embracing the place where the state court case was filed as required by 28 U.S.C. § 1446(a).

3.      Defendant Kohl's, Inc. was served with copies of the Summons and Complaint on December 29, 2021.  (Exhibit A, Doc. 6, Service Return.)

4.      This Notice of Removal is filed within thirty (30) days of service upon Defendants. Therefore, removal is timely under 28 U.S.C. § 1446(b).

5.      Plaintiff is a resident and citizen of Dade County, Georgia domiciled in Dade County, Georgia.

6.      Kohl's, Inc. is now, and was at the time of the Complaint, incorporated in the State of Delaware with its principal place of business in Menomonee Falls, Wisconsin.

7.      According to the Complaint filed in the Circuit Court of Jefferson County, Alabama, Plaintiff was at Defendant's location in Jefferson County, Alabama, located at 5900 Chalkville Mountain Road, Birmingham, Alabama 35235 on or about April 2, 2021, when "Plaintiff fell after encountering a dangerous condition and was injured." (Exhibit B:  Complaint, 01-CV-2021-903749, p. 2, ¶¶6, 7.)

8.      The Complaint alleges that "[a]t said time and place, Plaintiff fell when Defendant Kohl's Inc. maintained a dangerous condition with actual or constructive knowledge that Defendant's sidewalk was dangerously maintained and Defendant Kohl's, Inc. allowed said condition to be present without warning to the Plaintiff of the presence of said danger." (Exhibit B, p. 2, ¶9.)  The Complaint further alleges that Kohl's, Inc. acted negligently "[i]n causing said

2

known dangerous condition to persist on that certain premises described in [the Complaint], (Exhibit B, p. 2, ¶10), and that Kohl's, Inc. "acted in a wanton manner by creating and maintaining a known dangerous condition and failing to cure or warn invitee of said dangerous condition," (Exhibit B, p. 3, ¶14.)  The Complaint states, "As a proximate consequence of said negligence, Plaintiff was caused to suffer personal injuries pain, suffering and other damages." (Exhibit B, p. 3, ¶12; Exhibit B, p. 4, ¶17.)  Plaintiff demands judgment against Kohl's, Inc. for "all damages, court costs and attorney's fees to which Plaintiff is entitled and for all compensatory damages that it will take to make the Plaintiff whole."  (Exhibit B, p. 3, unnumbered *ad damnum* clause following Paragraph 12; Exhibit B, p. 4, unnumbered *ad damnum* clause following Paragraph 17.) Plaintiff also demands punitive damages. (Exhibit B, p. 5.)

9.      This is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

## BASIS FOR REMOVAL

**10.      This removal is timely.**

Defendant was served with the Complaint on December 29, 2021.  This Notice of Removal is timely filed within 30 days of service upon the Defendant.  (Exhibit A, Doc. 6, Service Return.)

**12.      This Court has federal diversity jurisdiction over this case.**

A party seeking a federal venue must demonstrate that the federal court has jurisdiction over the case.  *See Lujuan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  As demonstrated below, the case is removable pursuant to 28 U.S.C. §1441(a), because this Court has original jurisdiction pursuant to 28 U.S.C. §1332.

**13.      There is complete diversity of citizenship.**

The Plaintiff and Defendant Kohl's, Inc. are resident citizens of and are domiciled in different States. Plaintiff is a resident citizen of the State of Georgia and is domiciled in the State of Georgia. (Exhibit B, p. 1, ¶1.) Defendant Kohl's, Inc. is now, and was at the time of the filing of the Complaint, a corporation incorporated under the laws of the State of Delaware and having its principal place of business in the State of Wisconsin. A corporation is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

14. **The amount in controversy exceeds $75,000.00**.

The amount in controversy in this matter exceeds the $75,000 jurisdictional threshold. This amount in controversy allegation should be accepted unless contested by the Plaintiffs or questioned by the Court. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 554 (2014) ("[A]s specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

Although evidence establishing the amount in controversy is not required at this stage under §1446(c)(2)(B), Defendant Kohl's, Inc. shows the following:

The Complaint does not state a specific amount of damages; however, removal of this case is jurisdictionally proper because it is facially apparent from the Complaint that the amount in controversy exceeds the jurisdictional requirement. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (quoting *Williams v. Best Buy Co., Inc*., 269 F.3d 1316, 1319 (11th Cir. 2001)). Notwithstanding, when a court finds that "'the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed.'" *Pretka*, 608 F.3d at 754 (quoting *Williams*, 269 F/2d at 1319)).

The Complaint does not state the amount of damages claimed, but seeks compensatory and punitive damages from Kohl's, Inc. alleging that Kohl's, Inc. negligently and wantonly created and maintained a known dangerous condition of which it failed to warn Plaintiff, (Exhibit B, p. 3, ¶¶ 9-11.  *Id.*, p. 4, ¶¶ 14-11," thereby causing Plaintiff "to suffer personal injuries, pain, suffering and other damages."  (Exhibit B, p. 3, ¶12. *Id.*, p. 4, ¶17.)

Count Two of the Complaint asserts a claim of wantonness against Kohl's, Inc.  In pertinent part, it states

> Defendant Kohl's Inc. acted in such a wanton manner by creating and maintaining a known dangerous condition and failing to cure or warn invitee of said dangerous condition, so as to
>
> (a)  cause injury to Plaintiff due to the dangerous condition, and
>
> (b)  *cause Plaintiff to undergo doctors appointments and physical therapy appointments*, and
>
> (c) cause Plaintiff to suffer and sustain the injuries and damages.

(Exhibit B, p. 3, ¶14 (emphasis added).)

Notably, the Complaint does not allege that Kohl's, Inc.'s *negligence* "caus[ed] Plaintiff to undergo doctors appointments and physical therapy appointments," (Exhibit B, p. 2 – 3).  It alleges that Kohl's, Inc.'s *wantonness* alone "caus[ed] Plaintiff to undergo doctors appointments and physical therapy appointments." (Exhibit B, p. 3, ¶14.)  The Complaint alleges that Kohl's, Inc.'s negligence only caused Plaintiff "to suffer personal injuries, pain and suffering and other damages."  (Exhibit B, p. 3, ¶11.)   It is common-knowledge that the more severe an injury, the more frequent and intense the medical treatments necessary to care for it.  The fact that the Complaint alleges Plaintiff's doctors appointments and physical therapy appointments were caused solely by Kohl's, Inc.'s wanton conduct, *i.e.*, "[c]onduct … carried on with a reckless or conscious

disregard of the rights or safety of others," Ala. Code § 6-11-20(3), indicates that Plaintiff alleges Plaintiff's injuries were severe.

Medical records provided by Plaintiff pre-suit show that she had a left radial head fracture and dislocated left elbow after the April 2, 2021 fall that is the subject of her Complaint. Those records indicate that she had orthopedic surgery for her injuries and that she was unable to work after the fall and would be off work for up to six (6) weeks after surgery. (Exhibit C: L. Bell Medical Records, Apr. 2, 2021, Apr. 4, 2021.) These documents support the premise that the Complaint alleges that Defendant's wanton conduct was the sole cause of Plaintiff's having to "undergo doctors appointments and physical therapy" indicates that the Plaintiff alleges Plaintiff's injuries were severe. "A court may make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' when a removing defendant makes 'factual allegations establishing jurisdiction and can support them. . .." *Sullins v. Moreland,* 511 F. Supp. 3d 1220, 1229 (M.D. Ala. 2021) (quoting *Pretka v. Kolter City Plaza II,* 608 F. 3d 744, 754 11th Cir. 2010)).

In Alabama, punitive damages may be awarded "a tort action where it is proven by clear and convincing evidence that the defendant … engaged in … wantonness … with regard to the plaintiff." ALA. CODE § 6-11-20(a). Alabama law further provides that

> [I]n all civil actions for physical injury wherein entitlement to punitive damages shall have been established under applicable laws, no award of punitive damages shall exceed three times the compensatory damages of the party claiming punitive damages or one million five hundred thousand dollars (($1,500,000), whichever is greater.

ALA. CODE § 6-11-21(d).

Punitive damages should be considered when determining the jurisdictional amount in controversy in diversity cases, unless it is apparent to a legal certainty that punitive damages cannot be recovered. *Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)

(citations omitted).  *See also Renfroe v. Allstate Prop. & Cas. Ins. Co.*, 2010 U.S. Dist. LEXIS 111336 (S.D. Ala. Sept. 23, 2010) (citing *Rae v. Perry*, 392 Fed. Appx. 753, 2010 U.S. App. LEXIS 17209 (11th Cir. Aug. 16, 2010).

The nature of Plaintiff's injuries set forth in this Notice of Removal, (*see* Exhibit C),  the Complaint's allegations that Kohl's, Inc.'s wanton conduct as the sole cause of her need for medical treatment, the nature of damages requested in the Complaint, and the fact that Ala. Code § 6-11-20(a) allows for the recovery of punitive damages in tort actions where it is shown that a defendant acted with wantonness toward a plaintiff, establish that the amount in controversy meets the $75,000.00 jurisdictional threshold.

**15.   Pleadings and Process**.

Copies of all of the process and pleadings served upon Kohl's, Inc. in this case are attached to this Notice of Removal as Exhibit A.  (Exhibit A: Circuit Court of Jefferson County, Alabama, 01-CV-2021-903749.)

**16.   Notice Given.**

Notice of this Removal is being filed with the Clerk of the Circuit Court of Jefferson County, Alabama as provided by law.  A copy of Defendant Kohl's, Inc.'s Notice of Filing Notice of Removal is attached to this Notice of Removal as Exhibit D.   (Exhibit D: Notice of Filing Notice of Removal, 01-CV-2021-903749.)

17.     If any question arises as to the propriety of the removal of this action, Defendant Kohl's, Inc. respectfully requests the opportunity to present a brief and oral argument in support of its position.

18.     Nothing in this Notice shall be interpreted as a waiver or relinquishment of Defendant's rights to assert any defense or affirmative matter including any procedural or substantive defense available.

WHEREFORE, PREMISES CONSIDERED, Defendant Kohl's, Inc. prays that this Honorable Court will consider this Notice of Removal as provided by the law governing removal of cases to this Court, make the proper orders to achieve the removal of this cause from the Circuit Court of Jefferson County, Alabama to this Court, and make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the said Circuit Court.

Respectfully submitted this the 27th day of January, 2022.

*s/Richard E. Smith*
Richard E. Smith (SMITR6536)
Gabrielle E. Reeves (REEVG0041)
*Attorneys for Defendant Kohl's, Inc.*

OF COUNSEL:

**CHRISTIAN & SMALL LLP**
505 North 20th St., Ste. 1800
Birmingham, AL  35203
Telephone: (205) 250-6628
Email:  resmith@csattorneys.com

**CHRISTIAN & SMALL LLP**
1 Timber Way, Ste. 101
Daphne, AL  36527
Telephone: (251) 415-9264
Email:  gereeves@csattorneys.com

CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2022, I filed the foregoing using the CM/ECF system and that a copy of the foregoing was mailed via the United States Postal Service, First Class Postage Pre-Paid, to the following:

Holly A. Szafran, Esq.
SLOCUMB LAW FIRM, LLC
145 East Magnolia Ave., Ste. 201
Auburn, AL  36830
Telephone: (334) 741-4110
*Attorney for Plaintiff Lori Bell*

*s/Gabrielle E. Reeves*
OF COUNSEL